IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joanne Lawson,<br><br>         Plaintiff,<br><br>  vs.<br><br>Nalini Hospitality III, LLC, Choice Hotels<br>International Services Corp.,<br><br>         Defendants. | Case No.:   9:22-cv-2501-RMG<br><br>**PLAINTIFF'S COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, Joanne Lawson, complaining of Defendants  Nalini Hospitality III, LLC (hereinafter "Defendant Nalini") and Defendant Choice Hotels International Services Corporation would, through her undersigned counsel, respectfully show unto this Honorable Court as follows:

**<u>PARTIES</u>**

1. Plaintiff Joanne Lawson (hereinafter "Plaintiff) is a citizen and resident of the State of North Carolina.

2. Defendant Nalini Hospitality III, LLC (doing business as Comfort Suites Hotel) is a Delaware limited liability company registered as a foreign entity with the South Carolina Secretary of State which can be served through their registered agent, Aumil Patel at 175 Westcott Ridge Road, Chapin, South Carolina, 29036.

3. Defendant Nalini owns the property and operates a Comfort Suites Hotel at 131 Big John Road, Beaufort, South Carolina, 29906 (hereinafter "The Hotel").

4. Defendant Choice Hotels International Services Corp. (hereinafter "Choice Hotels") is a Delaware Corporation registered as a foreign entity with the South Carolina Secretary who

can be served at their registered agent, Corporation Service Co. at 508 Meeting Street, West Columbia, SC 29169.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this controversy in accordance with 28 U.S. Code § 1332.

6. This Court has personal jurisdiction over the Defendant pursuant to S.C. Code § 36-2-802 & § 36-2-803.

7. This Court and Division are the proper venue for this controversy pursuant to 28 U.S. Code § 1391 and South Carolina District Court Local Rule 3.01(A)(1).

## FACTUAL ALLEGATIONS

8. Plaintiff restates and realleges each and every previous paragraphs as if set forth verbatim herein.

9. Defendant Nalini is the owner and operator of the hotel, branded as a Comfort Suites, located at 131 Big John Rd. Beaufort, South Carolina 29906.

10. Defendant Nalini is in the business of providing lodging and is an innkeeper for purposes of South Carolina Law.

11. Defendant Choice Hotels is a Delaware corporation in the business of hotel ownership and hotel franchising. Choice Hotels operates both domestically and internationally holding a portfolio of 7,030 open hotels and 924 hotels under construction as of May 25, 2022.

12. Choice Hotels owns a number of brands including the Comfort Suites brand of The Hotel located at 131 Big John Rd. Beaufort, South Carolina 29906.

13. Defendant Choice Hotels exerts authority and control over The Hotel, through its agreements, requirements, and other activities related to the operation of The Hotel, such that it exercises actual authority over The Hotel.

14. Defendant Choice Hotels' Comfort Suite brand adorns the front of The Hotel and signage and appears throughout the property, prominently advertised.

15. Defendant Choice Hotel's Comfort Suite brand's ubiquitous use throughout The Hotel without clear indication that the property is a franchised location.

16. Defendant Choice Hotel's Comfort Suite brand appears to be the owner and operator of The Hotel to guests, invitees, and other visitors to the property.

17. On June 1, 2022, Plaintiff was a customer, business visitor, invitee, and guest of The Hotel.

18. Prior to the incident described below the Plaintiff had received a right hip replacement and right knee replacement which made her more susceptible to serious injury from a fall.

19. Prior to the incident described below the Plaintiff had completely recovered from her prior hip and knee transplant, was in good physical condition, had no limitations on her mobility, and was able to live by herself and care for herself independently.

20. On June 1, 2022, Plaintiff was walking inside the 1st floor of The Hotel towards an ice machine with the intention of filling up a cup with ice from The Hotel ice machine made available to guests.

21. Plaintiff had not been in this area prior to the incident as her room was located at a different location in the Hotel and, consequently, the Plaintiff had no familiarity with the area prior to the incident.

22. As Plaintiff made her way down the 1st floor hallway towards the ice machine the flooring transitioned from wood to carpet.

23. Unbeknownst to the Plaintiff, the edge of the carpet where it transitioned from the wood floor was loose and unsecured where it had previously come lose from the transition strip. *See Photograph Attached as Exhibit A.*

24. The worn and frayed appearance of the carpet where it had come loose from the transition strip indicates that the carpet had been loose and exposed for a significant period of time prior to the incident. *See Exhibit A.*

25. The carpet at the transition area was too wide for the diameter of the hallway and/or was installed defectively creating 'bunched' areas of carpet that are raised up from the floor.

26. The bunched areas of carpet did not appear to be newly installed and, like the frayed carpet that was extending above the transition strip, the bunched areas of carpet had the appearance of having been in that condition for a significant period of time prior to the incident.

27. As the Plaintiff walked down the hallway over the transition strip her foot was caught by the loose, raised, bunched, and otherwise defectively installed carpet, causing her to fall and suffer injuries including a comminuted, distal fracture of her femur.

28. The Plaintiff was keeping a proper lookout as she walked down the hallway looking for the ice machine, but she did not see the defects in the carpet until after she had fallen and was waiting on the ground for medical assistance to arrive.

29. The Plaintiff's injuries were severe, and she was urgently transported to Beaufort Memorial Hospital where she had emergency surgery requiring the placement of hardware to attempt to stabilize her femur and where the Plaintiff was hospitalized for many weeks.

30. The Plaintiff's injuries were so severe that she has been unable to return to her home in North Carolina and was ordered to non-weight bearing bed rest. As a result of her severe

injuries, the Plaintiff is immobile, unable to care for herself, and now lives in a long-term rehabilitation/nursing facility.

31. Defendant Nalini knew or should have known about the defective condition of the carpet described above and herein as the condition of the carpet does not appear to be recent and gives the appearance that it has been fraying, pulling loose, bunching, and raising over time.

32. Defendant Nalini failed to remedy the dangerous condition that Nalini knew or should've known existed.

33. Defendant Nalini failed to warn Plaintiff of the dangerous condition that Nalini knew or should have known existed.

34. Defendant Nalini was aware that guests were likely to be walking in the area where the incident occurred because the hallway leads to guest rooms and the ice machine.

## CAUSE OF ACTION 1
### NEGLIGENCE/NEGLIGNECE PER SE/GROSS NEGLIGENCE
### As to Defendant Nalini Hospitality III, LLC

35. Plaintiff Lawson incorporates all previous paragraphs by reference as if fully set forth herein.

36. Defendant Nalini owed Plaintiff a duty of care under the applicable statutory and common law of South Carolina.

37. Defendant Nalini breached their duty of care, as set forth above, and was negligent, careless, reckless, and in wonton disregard for the safety of the Plaintiff in the following particulars which will be shown at trial:

   a. In failing to exercise ordinary, reasonable, and due care;

    b.  In failing to abide by accepted safety standards including all applicable codes and regulations;

    c.  In failing to install the carpet and or transition strip correctly;

    d.  In failing to repair a defective condition;

    e.  In failing to warn individuals on the property of the defect;

    f.  In failing to post any warning of the condition;

    g.  In failing to inspect the premise such to discover the condition and;

    h.  In such other particulars as the evidence at trial may show.

38. That as a direct and proximate result of Defendant Nalini's negligence, negligence per se, and/ or gross negligence as set out above, Plaintiff has suffered serious permanent injuries and disability, incurred medical expenses, endured pain and suffering, and will require future medical, lost much of the enjoyment of her life, lost or suffered damage to her property, suffered economic losses and suffered other damages to be determined by the jury.

## CAUSE OF ACTION 2
### NEGLIGENCE/NEGLIGNECE PER SE/GROSS NEGLIGENCE
**As to Defendant Choice Hotels International Services Corp.**

39. Plaintiff Lawson incorporates all previous paragraphs by reference as if fully set forth herein.

40. Defendant Choice Hotels exerts, through its agreements, requirements, and other activities related to the operation of The Hotel such to constitute the actual agency over The Hotel pursuant to South Carolina Law.

41. Defendant Choice Hotel's Comfort Suite brands ubiquitous use throughout The Hotel without clear indication that the property is a franchised location.

42. Defendant Choice Hotel's Comfort Suite brand appears to be the owner and operator of The Hotel to guests, invitees, and other visitors to the property such to constitute apparent agency under South Carolina Law.

43. Defendant Choice Hotels owed Plaintiff a duty of care under the applicable statutory and common law of South Carolina.

44. Defendant Choice Hotels breached their duty of care, as set forth above, and was negligent, careless, reckless, and in wonton disregard of the safety of the Plaintiff in the following particulars which will be shown at trial:

    a.  In failing to exercise ordinary, reasonable, and due care;

    b.  In failing to abide by accepted safety standards including all applicable codes and regulations;

    c.  In failing to install the carpet and or transition strip correctly;

    d.  In failing to repair a defective condition;

    e.  In failing to warn individuals on the property of the defect;

    f.  In failing to post any warning of the condition;

    g.  In failing to require the Franchisee to repair dangerous conditions;

    h.  In failing to require the Franchisee to maintain the premises in a manner consistent with the standards and practices of their industry;

    i.  In failing to take full possession of the property due to their knowledge of the failings of their franchisee to maintain The Hotel in a safe and reasonable condition;

    j.  In failing to properly inspect the premise such to discover the condition and;

    k.  In such other particulars as the evidence at trial may show.

45. That as a direct and proximate result of Defendant Choice Hotels' negligence, negligence per se, and/ or gross negligence as set out above, Plaintiff has suffered serious permanent injuries and disability, incurred medical expenses, endured pain and suffering, and will require future medical care, lost much of the enjoyment of her life, lost or suffered damage to her property, suffered economic losses and suffered other damages to be determined by the jury.

**WHEREFORE,** The Plaintiff prays for judgement against Defendants for actual, consequential and punitive damages, attorney's fees and costs, plus interest in excess of Seventy-Five-Thousand Dollars and no cents ($75,000.00) and for other further relief as this court may deem just and proper.

Respectfully Submitted,

**GRUENLOH LAW FIRM**

By:  S/Thomas F. Drazan
Wm. M. Gruenloh (Fed. Bar No.:
mike@gruenlohlaw.com
Thomas F. Drazan (Fed. Bar No.:
thomas@gruenlohlaw.com
67 Moultrie Street, Second Floor
Charleston, SC 29403
(843) 577-0027
(843) 577-0721 (facsimile)
**Attorneys for the Plaintiff**

August 1, 2022
Charleston, South Carolina